FILED
2006 Nov-21 PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BARBER AUTO SALES, INC., individually and on behalf of all persons similarly situated,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)   Case Number: _____<br>vs.  )<br>)   **CLASS ACTION**<br>UNITED PARCEL SERVICE CO., INC.,  )<br>)<br>)<br>Defendant.  ) | |

## CLASS ACTION COMPLAINT

COMES NOW the plaintiff, Barber Auto Sales, Inc., individually and on behalf of all others similarly situated, and submits the following as its Class Action Complaint against the defendant, United Parcel Service Co., Inc.:

### I. PRELIMINARY STATEMENT

1. This is a class action on behalf of the named plaintiff, Barber Auto Sales, Inc., and all UPS customers in the United States who purchased shipping services from defendant and who were assessed by UPS "shipping charge corrections" for such services after the customers' packages were shipped. This action alleges that the defendant charged and continues to charge its customers a fee for shipping services based in part on the size dimensions of the packages its customers used to ship items and that defendant incorrectly "adjusted," and continues to incorrectly "adjust" the

dimensions of these packages after its customers ship the items so that defendant may improperly charge a higher price for the shipping.

2.      Plaintiff and class members allege the facts herein upon information and belief except as to allegations specifically pertaining to plaintiff, which allegations are based upon personal knowledge, and except as to allegations based upon documents which are predicated upon plaintiff's counsel's investigation of defendant.

## II. PARTIES

### A. Plaintiff

3.      Plaintiff Barber Auto Sales, Inc. is an Alabama Corporation with its principal place of business in Limestone County, Alabama. Plaintiff paid the defendant monies in return for the defendant's promise to ship items at a pre-determined and agreed upon rate and method. Although plaintiff agreed to purchase these services, the defendant did not provide the services as agreed under the terms of written contracts and the course of dealing of the parties. Plaintiff brings this action on its own behalf and as a representative of a class of persons similarly situated.

### B. Defendant

4.      Defendant United Parcel Service Co., Inc. ("UPS") is a corporation organized under the laws of the State of Delaware and having its principal place of business at 55 Glenlake Parkway North East, Atlanta, Georgia 30328. Defendant is engaged in marketing and selling shipping services in this district and throughout the United States.

## III. JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that this is a civil class action in which the matter in controversy excess the sum of $5,000,000 and some members of the class of plaintiffs, including the named plaintiff herein, are citizens of a state different from the defendant.

6.  The defendant is subject to personal jurisdiction in this district in that it has employed agents or representatives or has otherwise employed persons in this district, and in that the defendant:

    (a)    has transacted business in this district;

    (b)    has contracted to supply services in this district;

    (c)    has caused injury or damage in this district by acts or omissions outside this district while regularly doing and soliciting business in this district; and

    (d)    otherwise has had minimum contacts with this district and, under the circumstances, it is fair and reasonable to require the defendant to come into this district to defend this action.

7.  Venue is proper in this district in that defendant previously consented thereto and because, pursuant to 28 U.S.C. § 1391:

    (a)    The events or omissions giving rise to the claims occurred in this district; and

    (b)    Defendant regularly conducts business in this district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391 ( c) because it is subject to personal jurisdiction in this district in that the defendant:

        (i)    has transacted business in this district;

      (ii)    has contracted to supply services in this district;

      (iii)   has caused injury or damage in this district by acts or omissions outside this district while regularly doing and soliciting business in this district; and

      (iv)   otherwise has had minimum contacts with this district and, under the circumstances, it is fair and reasonable to require the defendant to come into this district to defend this action.

## IV. FACTS

8. Since on or about January 2000, plaintiff entered into agreements with defendant whereby defendant would provide shipping services to plaintiff in exchange for payment by plaintiff for those services.

9. Plaintiff utilized the UPS WorldShip computer system to arrange for UPS' shipping services on-line. In contracting for these services, as part of the UPS WorldShip system, UPS required plaintiff and others who are similarly situated to enter certain information regarding the size and type of package plaintiff intended to ship through UPS. In the detail section of one of the computer screens, plaintiff was required to enter the length, width and height of the package plaintiff was shipping.

10. The shipping charges UPS charged plaintiff were based on a combination of weight and package size. In general, plaintiff paid more for shipping items that weighed more or required larger boxes. The UPS WorldShip system provided plaintiff and others the format to enter this information into the UPS system.

11. The UPS terms and conditions with plaintiff require plaintiff and other similarly situated customers to enter the dimensions and the weight of the shipment. The terms and conditions also reserve to UPS the right to audit shipments made to verify service selection and package or shipment weight or dimensions. The terms and conditions also allow UPS to make "appropriate adjustments" on an invoice if the customers' selected dimensions or weights are incorrect.

12. In breach of the terms and conditions described above, UPS manipulated these audit procedures so that it could improperly invoice plaintiff increased shipping charges based on false dimensions. In other words, during the audit process, UPS falsely increased the dimension sizes on the packages plaintiff and other UPS customers shipped through UPS. By increasing the dimension size, UPS was able to increase the price it charged for the shipping. These charges showed up on the UPS customers' delivery service invoice under a heading entitled "Adjustments and Other Charges" and under a sub-heading entitled "Shipping Charge Corrections."

13. As a result of manipulating dimension sizes on these packages, UPS illegally increased shipping charges plaintiff and others were contracted to pay for the shipping services. As a result, plaintiff and other UPS customers sustained substantial damages in improper increased shipping charges.

## V. CLASS ALLEGATIONS

14. Plaintiff brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of an opt-out class defined as follows:

(a) All persons and/or entities in the United States who have paid defendant any sums of money for increased shipping charge corrections the defendant

assessed against them based on subsequent auditing of the dimensional size of these persons' and/or entities' packages.

(b) Excluded from the class definition are:

(i) All judicial officers in the United States and their families through the third degree of relationship;

(ii) Defendant and any of its officers, directors, and employees, and any person or entities who has already settled or otherwise compromised similar claims against the defendant;

(iii) Anyone who files before final judgment any bankruptcy proceeding; and

(iv) Anyone who has pending against the named defendant on the date of the Court's final certification order any individual action wherein the recovery sought is based in whole or in part on the type of claims asserted herein.

15. Defendant's business practices and violations of the law are uniform, and, on information and belief, defendant has collected money for increased shipping charge corrections from hundreds of thousands of customers in the United States (including Plaintiff and the class members) in violation of the common law, the defendant's contract with its customers, and the parties' course of dealing with each other.

16. The requirements of Rule 23(a), Fed. R. Civ. P., are satisfied because (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative party are typical of claims or defenses of the class, and (4) the plaintiff will fairly and adequately protect the interests of the class and has hired counsel experienced in the prosecution of class actions.

17. The representative plaintiff will fairly and adequately assert and protect the interests of the class, in that:

(a) The representative plaintiff has no conflicts of interest with absent class members in the maintenance of this action, and pursues this action for benefit of the plaintiff class. Plaintiff has no present relationship with any defendant, in either an official or unofficial capacity;

(b) The representative plaintiff, taken in conjunction with counsel, has adequate financial and other resources to conduct this litigation in a manner assuring that the interests of the plaintiff class will not be harmed. Class counsel have agreed and have the ability to advance costs of this litigation; and

(c) The representative plaintiff has retained counsel who are experienced in class action litigation.

18. The requirements of Rule 23(b) are satisfied in that (1) the prosecution of separate actions by or against individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests

of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19. The questions of law and fact common to the class predominate over questions which may affect individual class members. These common questions include but are not limited to the following:

    (a)    Whether defendant has breached its contract with its customers by improperly assessing increased shipping charge corrections;

    (b)    Whether defendant has violated the common law by assessing its shipping charge corrections to its customers;

    (c)    How frequently and persistently defendant failed to comply with the contract provisions and other laws;

    (d)    The nature of defendant's noncompliance with the contested common law;

    (e)    Whether and to what extent defendant's noncompliant acts were intentional;

    (f)    Whether defendant's conduct caused injury to the plaintiff and members of the class and, if so, the appropriate class-wide measure of damages;

    (g)    Whether defendant is liable for punitive damages;

    (h)    If defendant is found liable for punitive damages, the appropriate measure of such damages;

    (i)    Whether defendant was unjustly enriched by its conduct;

(j) Whether plaintiff and the class members are entitled to recover prejudgment interest; and

(k) Whether defendant materially and willfully misrepresented any information it was required to disclose to plaintiff and the class members.

20. The common issues represent the most significant issues in the class and can be resolved for all members of the class in one action.

21. A class action will provide a fair and efficient method of adjudicating this controversy, in that:

(a) Common questions of law and fact predominate over any questions affecting only individual class members. The common issues are the most significant issues in the case, and can be resolved for all members of the class in one action;

(b) Neither the size of the class nor any other factor makes it likely that difficulties will be encountered in the management of this action as a class action;

(c) The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would confront defendants with incompatible standards of conduct;

(d) The prosecution of separate actions by individual class members would as a practical matter be dispositive of the interests of other members not parties

    to the adjudications, or would substantially impair or impede their ability to protect their interests;

(e) The prosecution of separate actions by individual class members, or the individual joinder of all class members in this action, would create a massive and unnecessary burden on the resources of the courts; and

(f) Because of the disparity of resources available to defendant versus those available to individual class members, prosecution of separate actions would work a financial hardship on many class members.

## Count One

### Breach of Contract

22. Plaintiff and all putative class members restate and incorporate in this Count One the factual allegations of each and every preceding paragraph as if fully set forth herein.

23. Plaintiff and all putative class members entered into contracts with defendant whereby defendant agreed to ship packages for them based upon a pre-determined rate and agreed upon method.

24. Plaintiff and all putative class members paid the agreed upon rate for the service.

25. After defendant picked up the plaintiff's and putative class members' packages, defendant unilaterally audited certain packages for size dimension verification. During this audit, defendant improperly and illegally falsely increased the package's size dimension. Such practice breached the terms and conditions of plaintiff's and the putative class members' contracts with defendant.

26. Plaintiff and putative class members suffered substantial economic loss and damages as a proximate result of defendant's breaches of contract.

## Count Two

### Fraud

27. Plaintiff and all putative class members restate and incorporate in this Count Two the factual allegations of each and every preceding paragraph as if fully set forth herein, and further allege as follows:

28. Defendant has willfully, knowingly, intentionally and/or negligently misrepresented existing material facts to plaintiff and all putative class members. These misrepresentations include, without limitation, the following:

   a. That defendant would provide shipping services to plaintiff based on the package dimensions and weight entered by plaintiff into defendant's UPS WorldShip system.

   b. That defendant's UPS WorldShip system provided a format for plaintiff to enter the package dimensions and the computer system would correctly calculate the shipping charges.

   c. That defendant randomly audited shipping packages to verify service selection and package dimensions.

   d. That defendant manipulated the audit procedures so that it could improperly inflate plaintiff's package dimensions and increase the shipping charges invoiced to plaintiff.

11

29. Defendant knew or should have known these representations were false when they were made and defendant made these representations willfully, recklessly, negligently and/or without regard to their truth or falsity.

30. Defendant knew or should have known that plaintiff and all putative class members would reasonably rely on these misrepresentations and that plaintiff and all putative class members would suffer and sustain loss and damages as a proximate result of these misrepresentations.

31. As a direct, foreseeable, and proximate result thereof, plaintiff and all putative class members were caused to suffer actual damages and continue to suffer and incur such damages as a result of these breaches.

## Count Three

### Fraudulent Suppression

32. Plaintiff and all putative class members restate and incorporate in this Count Three the factual allegations of each and every preceding paragraph as if fully set forth herein.

33. Defendants willfully, intentionally and/or negligently concealed, suppressed and failed to disclose past or existing material facts to plaintiff and all putative class members. Because defendants had superior knowledge of certain facts that were unavailable to plaintiff and all putative class members, and because there existed a special relationship among plaintiff and all putative class members and defendant, the defendant was under a duty to disclose these material facts to plaintiff and all putative class members but failed to do so.

34. The suppression of material fact includes, but is not necessarily limited to the following:

    a.    That defendant was aware that it was manipulating the shipping audit process.

    b.    That defendant knowingly and falsely increased the package dimensions for plaintiff's shipments.

    c.    That defendant was aware that as a result of increasing the package dimensions plaintiff's shipping charges would be increased.

    d.    That defendant was aware that the shipping charge increases would be invoiced to plaintiff after the package was shipped.

35.    Defendant suppressed and concealed these material facts from plaintiff and all putative class members with an intent to defraud plaintiff and all putative class members. Defendant knew or should have known that plaintiff and all putative class members would take action in reliance upon defendant's failure to disclose material facts. Plaintiff and all putative class members did, in fact, rely to their detriment on such failures to disclose and, as a proximate consequence thereof, have suffered damages.

36.    Defendant occupied a position of trust and superior knowledge with respect to plaintiff and all putative class members. This position of trust and superior knowledge was created by way of the contractual agreement and the business relationship existing between plaintiff and all putative class members and defendant. Further a special relationship existed between plaintiff and all putative class members and defendant. Accordingly, a duty was imposed on defendant to inform and disclose to plaintiff and all putative class members their true intentions regarding billing them for its shipping services.

37. As a direct, foreseeable, and proximate result thereof, plaintiff and all putative class members were caused to suffer actual damages and continue to suffer and incur such damages as a result of these breaches.

## Count Four

### Unjust Enrichment and Money Had and Received

38. Plaintiff and all putative class members restate and incorporate in this Count Four the factual allegations of each and every preceding paragraph as if fully set forth herein.

39. The defendant holds money which, in equity and good conscience and under law, belongs to plaintiff and all putative class members and the class members because it was improperly and unlawfully paid to defendant.

40. Plaintiff and all putative class members claim all amounts paid by them to defendant as money had and received. Plaintiff and all putative class members are entitled to an order requiring defendant to make an accounting to this Court of all proceeds it has had and received from its customers, and that upon such an accounting having been made, an order determining that such amounts constitute the unjust enrichment of the defendant, and that such amounts must be disgorged into this Court, for administration by this Court for the benefit of plaintiff and the putative class members.

## Count Five

### Constructive Trust

41. Plaintiff and all putative class members restate and incorporate in this Count Five the factual allegations of each and every preceding paragraph as if fully set forth herein.

42. Defendant holds funds transferred to it by plaintiff and all putative class members in circumstances, including the wrongful acts set forth herein, through which defendant has been unjustly enriched at the expense of plaintiff and all putative class members.

43. Plaintiff and all putative class members request that this Court impose a constructive trust upon monies obtained by defendant as a result of defendant's wrongful conduct.

## VI. PRAYER FOR RELIEF

44. Plaintiff, individually and on behalf of the class, prays for actual and punitive damages in an amount to be awarded by a jury.

45. Plaintiff, individually and on behalf of the class, seeks an order holding that all contracts with defendant where defendant assessed increased shipping charge corrections are void.

46. Plaintiff individually, and as representative of the class, further seeks permanent injunctive relief (a) prohibiting defendant from assessing improper shipping charge corrections and (b) requiring defendant to conform its practices to comply with all applicable laws and courses of dealing between the parties.

47. Plaintiff seeks an order that this class may be maintained as a class action pursuant to Rules 23 (a) and 23(b)(2) or 23(b)(3) of the Federal Rules of Civil Procedure.

48. Plaintiff individually, and as representative of the class, further prays for judgment, against defendant, separately and severally, for compensatory damages according to proof at trial, plus punitive damages, costs, interest, and attorney's fees.

49. Plaintiff individually, and as a representative of the class, further prays for such other, further and general relief to which he and the class members may be entitled.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

*James M. Corder*

James M. Corder, Jr.
One of the Attorneys for Plaintiff

**OF COUNSEL:**

James M. Corder, Jr., Esq.
ALEXANDER, CORDER, PLUNK & SHELLY, P. C
Attorneys at Law
P.O. Box 1129
Athens, Alabama 35612

E. Clayton Lowe, Jr., Esq.
Peter A. Grammas, Esq.
LOWE & GRAMMAS, LLP
Attorneys at Law
1952 Urban Center Parkway
Vestavia Hills, Alabama 35242

Dennis G. Pantazis, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
Attorneys at Law
The Kress Building
301 19th Street North
Birmingham, Alabama   35203