FILED

2007 Feb-20  AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **BARBER AUTO SALES, INC.,** | ) | |
| **individually and on behalf of all** | ) | |
| **persons similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **vs.** | ) | **5:06-cv-4686-IPJ** |
| | ) | **CLASS ACTION** |
| **UNITED PARCEL SERVICES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW the plaintiff, Barber Auto Sales, Inc., individually and on behalf of all others similarly situated, and submits the following as its Class Action Complaint against the defendant, United Parcel Service, Inc.:

## I.  PRELIMINARY STATEMENT

1.     This is a class action on behalf of the named plaintiff, Barber Auto Sales, Inc., and all UPS customers in the United States who purchased shipping services from defendant and who were assessed by UPS "shipping charge corrections" for such services after the customers' packages were shipped.  This action alleges that the defendant charged and continues to charge its customers a fee for shipping services based in part on the size dimensions of the packages its customers used to ship items

and that defendant incorrectly "adjusted," and continues to incorrectly "adjust" the dimensions of these packages after its customers ship the items so that defendant may improperly charge a higher price for the shipping.

2.      Plaintiff and class members allege the facts herein upon information and belief except as to allegations specifically pertaining to plaintiff, which allegations are based upon personal knowledge, and except as to allegations based upon documents  which are predicated upon plaintiff's counsel's investigation of defendant.

## II.  PARTIES

### A.  <u>Plaintiff</u>

3.      Plaintiff Barber Auto Sales, Inc. is an Alabama Corporation with its principal place of business in Limestone County, Alabama.  Plaintiff paid the defendant monies in return for the defendant's promise to ship items at a pre-determined and agreed upon rate and method.  Although plaintiff agreed to purchase these services, the defendant did not provide the services as agreed under the terms of written contracts and the course of dealing of the parties.  Plaintiff brings this action on its own behalf and as a representative of a class of persons similarly situated.

## B. **Defendant**

4.      Defendant United Parcel Service, Inc. ("UPS") is a corporation organized under the laws of the State of Delaware and having its principal place of business at 55 Glenlake Parkway North East, Atlanta, Georgia 30328.  Defendant is engaged in marketing and selling shipping services in this district and throughout the United States.

## III.  JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that this is a civil class action in which the matter in controversy excess the sum of $5,000,000 and some members of the class of plaintiffs, including the named plaintiff herein, are citizens of a state different from the defendant.

6.      The defendant is subject to personal jurisdiction in this district in that it has employed agents or representatives or has otherwise employed persons in this district, and in that the defendant:

        (a)     has transacted business in this district;

        (b)     has contracted to supply services in this district;

(c)     has caused injury or damage in this district by acts or omissions outside this district while regularly doing and soliciting business in this district; and

(d)     otherwise has had minimum contacts with this district and, under the circumstances, it is fair and reasonable to require the defendant to come into this district to defend this action.

7.      Venue is proper in this district in that defendant previously consented thereto and because, pursuant to 28 U.S.C. § 1391:

(a)     The events or omissions giving rise to the claims occurred in this district; and

(b)     Defendant regularly conducts business in this district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391 ( c) because it is subject to personal jurisdiction in this district in that the defendant:

(i)      has transacted business in this district;

(ii)     has contracted to supply services in this district;

4

(iii)   has caused injury or damage in this district by acts or omissions outside this district while regularly doing and soliciting business in this district; and

(iv)   otherwise has had minimum contacts with this district and, under the circumstances, it is fair and reasonable to require the defendant to come into this district to defend this action.

## IV.  FACTS

8.     Since on or about January 2000, plaintiff entered into agreements with defendant whereby defendant would provide shipping services to plaintiff in exchange for payment by plaintiff for those services.

9.     Plaintiff utilized the UPS WorldShip computer system to arrange for UPS' shipping services on-line.  In contracting for these services, as part of the UPS WorldShip system, UPS required plaintiff and others who are similarly situated to enter certain information regarding the size and type of package plaintiff intended to ship through UPS.  In the detail section of one of the computer screens, plaintiff was required to enter the length, width and height of the package plaintiff was shipping.

10.     The shipping charges UPS charged plaintiff were based on a combination of weight and package size.  In general, plaintiff paid more for shipping items that weighed more or required larger boxes.  The UPS WorldShip system provided plaintiff and others the format to enter this information into the UPS system.

11.     The UPS terms and conditions with plaintiff require plaintiff and other similarly situated customers to enter the dimensions and the weight of the shipment. The terms and conditions also reserve to UPS the right to audit shipments made to verify service selection and package or shipment weight or dimensions.  The terms and conditions also allow UPS to make "appropriate adjustments" on an invoice if the customers' selected dimensions or weights are incorrect.

12.     In breach of the terms and conditions described above, UPS manipulated these audit procedures so that it could improperly invoice plaintiff increased shipping charges based on false dimensions.  In other words, during the audit process, UPS falsely increased the dimension sizes on the packages plaintiff and other UPS customers shipped through UPS.  By increasing the dimension size, UPS was able to increase the price it charged for the shipping.  These charges showed up on the UPS customers' delivery service invoice under a heading entitled "Adjustments and Other Charges" and under a sub-heading entitled "Shipping Charge Corrections."

6

13.     Once Plaintiff became aware of UPS improper overcharges, it repeatedly gave notice to various UPS employees about the problem and asked them to correct it.  On many occasions, UPS failed to correct the overcharges.  UPS continued to access overcharges to Plaintiff even after Plaintiff notified UPS about the problem. Moreover, there was a long period of time that Plaintiff was unaware of the overcharges because UPS did not disclose the problem to Plaintiff.  Thus, Plaintiff was unable to give notice to UPS about those overcharges.

14.     As a result of manipulating dimension sizes on these packages, UPS illegally increased shipping charges plaintiff and others were contracted to pay for the shipping services.  As a result, plaintiff and other UPS customers sustained substantial damages in improper increased shipping charges.

## V.  CLASS ALLEGATIONS

15.     Plaintiff brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of an opt-out class defined as follows:

> (a)     All persons and/or entities  in the United States who have paid defendant any sums of money for increased shipping charge corrections the defendant assessed against them based on subsequent auditing of the dimensional size of these persons' and/or entities' packages.

(b)    Excluded from the class definition are:

    (i)    All judicial officers in the United States and their families through the third degree of relationship;

    (ii)    Defendant and any of its officers, directors, and employees, and any person or entities who has already settled or otherwise compromised similar claims against the defendant;

    (iii)    Anyone who files before final judgment any bankruptcy proceeding;

    (iv)    Plaintiff's counsel, anyone working at the direction of Plaintiff's counsel, and/or any of their immediate family members;  and

    (v)    Anyone who has pending against the named defendant on the date of the Court's final certification order any individual action wherein the recovery sought is based in whole or in part on the type of claims asserted herein.

16.    Defendant's business practices and violations of the law are uniform, and, on information and belief, defendant has collected money for increased shipping charge corrections from hundreds of thousands of customers in the United States

8

(including Plaintiff and the class members) in violation of the common law, the defendant's contract with its customers, and the parties' course of dealing with each other.

17.     The requirements of Rule 23(a), Fed. R. Civ. P., are satisfied because (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative party are typical of claims or defenses of the class, and (4) the plaintiff will fairly and adequately protect the interests of the class and has hired counsel experienced in the prosecution of class actions.

18.     The representative plaintiff will fairly and adequately assert and protect the interests of the class, in that:

> (a)     The representative plaintiff has no conflicts of interest with absent class members in the maintenance of this action, and pursues this action for benefit of the plaintiff class.  Plaintiff has no present relationship with any defendant, in either an official or unofficial capacity;

> (b)     The representative plaintiff, taken in conjunction with counsel, has adequate financial and other resources to conduct this litigation in a manner assuring that the interests of the plaintiff

9

class will not be harmed.  Class counsel have agreed and have the ability to advance costs of this litigation; and

(c)     The representative plaintiff has retained counsel who are experienced in class action litigation.

19.     The requirements of Rule 23(b) are satisfied in that (1) the prosecution of separate actions by or against individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20.     The questions of law and fact common to the class predominate over questions which may affect individual class members.  These common questions include but are not limited to the following:

(a)    Whether defendant has breached its contract with its customers by improperly assessing increased shipping charge corrections;

(b)    Whether defendant has violated the common law by improperly assessing its shipping charge corrections to its customers;

( c)    How frequently and persistently defendant failed to comply with the contract provisions and other laws;

(d)    The nature of defendant's noncompliance with the contested law;

(e)    Whether and to what extent defendant's noncompliant acts were intentional;

(f)    Whether defendant's conduct caused injury to the plaintiff and members of the class and, if so, the appropriate class-wide measure of damages and other relief; and

(g)    Whether plaintiff and the class members are entitled to recover prejudgment interest;       .

21.    The common issues represent the most significant issues in the class and can be resolved for all members of the class in one action.

22.     A class action will provide a fair and efficient method of adjudicating this controversy, in that:

(a)     Common questions of law and fact predominate over any questions affecting only individual class members. The common issues are the most significant issues in the case, and can be resolved for all members of the class in one action;

(b)     Neither the size of the class nor any other factor makes it likely that difficulties will be encountered in the management of this action as a class action;

(c)     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would confront defendants with incompatible standards of conduct;

(d)     The prosecution of separate actions by individual class members would as a practical matter be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests;

(e)     The prosecution of separate actions by individual class members, or the individual joinder of all class members in this action, would create a massive and unnecessary burden on the resources of the courts; and

(f)     Because of the disparity of resources available to defendant versus those available to individual class members, prosecution of separate actions would work a financial hardship on many class members.

## Count One

## Breach of Contract

23.     Plaintiff and all putative class members restate and incorporate in this Count One the factual allegations of each and every preceding paragraph as if fully set forth herein.

24.      Plaintiff and all putative class members entered into contracts with defendant whereby defendant agreed to ship packages for them based upon a pre-determined rate and agreed upon method.

25.     Plaintiff and all putative class members paid the agreed upon rates and followed the agreed upon methods in determining the rates for the service.

26.     After defendant picked up the plaintiff's and putative class members' packages, defendant unilaterally audited certain packages for size dimension verification.  During this audit, defendant improperly and illegally falsely increased the package's size dimension.  Such practice breached the terms and conditions of plaintiff's and the putative class members' contracts with defendant.

27.     Plaintiff and putative class members suffered substantial economic loss and damages as a proximate result of defendant's breaches of contract.

## VI.  PRAYER FOR RELIEF

28.     Plaintiff, individually and on behalf of the class, prays for damages in an amount to be awarded by a jury.

29.     Plaintiff, individually and on behalf of the class, seeks an order holding that all contracts with defendant are void to the extent defendant assessed improper increased shipping charge corrections .

30.     Plaintiff individually, and as representative of the class, further seeks permanent injunctive relief (a) prohibiting defendant from assessing improper shipping charge corrections and (b) requiring defendant to conform its practices to comply with the terms and conditions and courses of dealing between the parties.

14

31.    Plaintiff seeks an order that this class may be maintained as a class action pursuant to Rules 23 (a) and 23(b)(2) or 23(b)(3) of the Federal Rules of Civil Procedure.

32.    Plaintiff individually, and as a representative of the class, further prays for such other, further and general relief to which he and the class members may be entitled.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

       /s/ Dennis Pantazis
       Dennis G. Pantazis
       One of the Attorneys for Plaintiff


**OF COUNSEL:**
Dennis G. Pantazis, Esquire
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

E. Clayton Lowe, Jr., Esquire
Peter A. Grammas, Esquire
LOWE & GRAMMAS, LLP
1952 Urban Center Parkway
Vestavia Hills, Alabama 35242
Telephone: (205) 380-2400

James M. Corder, Jr., Esquire
ALEXANDER, CORDER, PLUNK, BAKER,
SHELLY & SHIPMAN, P.C.
P.O. Box 1129
Athens, Alabama 35612

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jere F. White, Jr., Esquire
Terry W. McCarthy, Esquire
Natasha L. Wilson, Esquire
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

Paul J. Murphy, Esquire
Barry Goheen, Esquire
Stewart Haskins, Esquire
KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

/s/ Dennis Pantazis
Of Counsel

16